

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-2506
Re: Whether property belonging to an
independent school district which
is not used for school purposes is
exempt from taxation.

We acknowledge receipt of your letter of July 1, 1940, wherein you request the opinion of this Department as to whether property which is owned by the Wolfe City Independent School District and is rented out for business and residential purposes is subject to taxation.

Your request is as follows:

"About the year 1923 W. J. Turner died, leaving a written will, in which he willed to the Wolfe City Independent School District a brick business building and several residences in the form of rent property. The title to this property passed to the school in due course. The rents and revenues received from such property since that time have been used for school purposes only, except such as was necessary for repairs to the buildings, etc. The school has not rendered this property for taxes and has not paid any taxes thereon. Demand has been made by the city, State and county for the school to pay taxes. Is such demand authorized?

Article 8, Section 1 of the Constitution of Texas, provides that ". . . All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, . . ." In other words, the Constitution has said that all property owned by persons or corporations, except that belonging to municipal corporations, shall be subject to taxation.

The Constitution provided for the establishment and maintenance of a system of free public schools. When Article 7, Section 1 of the Constitution was adopted, it recognized that the education of the masses was a governmental function for

therein was used the following phrase:  "A general diffusion of knowledge being essential to the preservation of the liberties and rights of the people, . . ."  Within nine years after the adoption of the Constitution, the Supreme Court, in the case of Cassiano vs. Ursuline Academy, 64 Tex.  573, recognized that education was a governmental function.

Pursuant to the provision of the Constitution above quoted, the Legislature made provision for the establishment of free public schools and provided, among other things, for independent school districts.  These districts were established to carry out a portion of that function of the government.  The district is not an ordinary corporation organized for purposes of gain to its members, but is a public agency, using the money raised by taxation to educate the children within the district. It is a political subdivision of the State, to which has been delegated the power of carrying on the function of education. Kings Estate vs. School Trustees of Willacy County, 33 S.W. (2d) 783.

While the school district is strictly a political sub-division, it is designated a municipal corporation, because it is an organization of a certain geographical district under authority of law and invested with a governmental function. Hatcher vs. State, 81 S.W. (2d) 499; Bexar-Medina-Atascosa Counties Water Improvement District vs. State, 21 S.W. (2d) 747; Short vs. Gouger, 130 S.W. (2d) 267.

The power to tax is an attribute of sovereignty and the extent to which this power may be exercised for governmental purposes finds its only limitation in the Constituion.  Stratton vs. Commissioners' Court, 137 S.W. 1170 (Writ refused).  Taxation is inherent in sovereignty and without which a constitutional government cannot exist.  It is vested in the Legislature by the general grant of legislative power whether specifically enumerated in the Constitution, among the powers to be exercised by it, or not.  The constitutional provisions in reference to it, therefore, are more usually intended or understood as limitations or restrictions upon its exercise than as a direct grant of the power to the Legislature.  40 Tex. Jur. p. 21.

Therefore, under Article 8, Section 1 of the Constitution, the taxing power of the Legislature is limited to the property of all persons and corporations, except municipal corporations.

But the framers of the Constitution granted to the Legislature the authority to exempt certain property from taxation by the adoption of Article 8, Section 2, which provides that ". . . the Legislature may, by general laws, exempt from taxation

public property used for public purposes. . . . ."

It is then apparent, in so far as this opinion is concerned, that the Legislature, for the purpose of taxation, is limited to all property owned by persons or corporations, except that property which is owned by municipal corporations and used for a public purpose. In other words, we believe that it was the purpose of the framers of the Constitution to exempt political subdivisions which were carrying out a governmental function from taxation, but that when such political subdivisions entered into proprietary enterprises that the property so used would be subject to taxation.

Pursuant thereto the Legislature passed Article 7150, Vernon's Annotated Civil Statutes, which provides that the following property shall be exempt from taxation, to-wit:

"1.    Public school houses . . . .
"4.    All property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof . . ."

The property concerned herein is not property on which is located a public school house and, therefore, is not exempt under Section 1 of Article 7150.

The Legislature, when it passed Article 7150, apparently overstepped the bounds of its power when it did not limit the exemption to property "used for public purposes," for Justice Funderburk, in the case of City of Abilene vs. State, 113 S.W. (2d)631 (Writ of Error Dismissed) said:

"It is apparent that the exemption declared in said Article 7150 is more comprehensive than the power which the Legislature possessed. The purpose of the Legislature is broad enough to exempt public property regardless of its use. This the Legislature was expressly denied the power to do. But it does not follow, we think, that the statute is for that reason wholly inoperative. We see no reason why it may not be operative, as an exercise of all of the power the Legislature has, to declare the exemption. The declared exemption includes public property used for public purposes, and to that extent, we think, the statute is valid and operative."

It is elementary that the property concerned herein and owned by the Wolfe City Independent School District is public property. The property is not being "used for public purposes," but on the contrary, is being used by private individuals

for residential and business purposes.

The property does not come within the purview of the cases of Sherman vs. Williams, 19 S.W. 606, or State vs. City of Houston, 140 S.W. (2d) 277. In those cases the property was held to be a part of a special fund which fund was established to carry out a governmental function.

It is, therefore, our opinion that the property is not exempt from taxation.

Trusting that the foregoing fully answers your inquiry, we are

                                  Yours very truly

                          ATTORNEY GENERAL OF TEXAS


                              By s/Richard H. Cocke
                                    Richard H. Cocke
                                    Assistant

RHC:N:wc


APPROVED JUL 22, 1940
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman