### THE CITY OF SHERMAN V. L. J. WILLIAMS.
#### No. 8145.

1. **Property of City Subject to Execution.**—A house and lot used as residence property received by the city in settlement with its tax collector in settlement for taxes by him collected and not paid over, and not used by the city for any public purpose, is not exempt from execution under the provisions of section 9 of article 12 of the Constitution, or of any statute exempting property used and held only for public purposes.

2. **Special Funds.** — The city of Sherman, incorporated under the general law, had the power to levy and collect a tax to pay interest and sinking fund upon outstanding city bonds issued in aid of the construction of certain railways. The city made such levy, and the city collector made collections. Failing to pay the special fund so collected, the city took from the collector certain residence city property in compromise for the funds. *Held*, that the property took the place of the fund, and that as the fund could not be diverted to another purpose than that for which it was collected, so a general creditor of the city could not appropriate it by a levy and sale thereof.

3. **Same.**—That the city had appropriated to current expenses the rents received from property taken in compromise for a special fund collected by the city tax collector, would not subject the property to execution in favor of a general creditor of the city.

APPEAL from Grayson. Tried below before Hon. P. B. MUSE.

No statement is necessary.

*C. L. Vowell,* for appellant.—1.   A municipal corporation has power to purchase, hold, and sell all such real estate as may be reasonably or fairly necessary to the proper exercise of any power specifically granted or essential to those purposes of municipal government for which it was created.   Rev. Stats., arts. 342, 449; Dill. on Mun. Corp., 561–564.

2.   Cities incorporated under the general laws of Texas for incorporation of cities of 1000 inhabitants or more can buy property for purpose of collecting taxes.   The power to hold and sell would necessarily follow.   Rev. Stats., arts. 342, 449.

3.   Property secured by a city must stand as a credit against the particular funds into which the taxes would have been paid if collected in money.   Taxes levied and assessed for one purpose can not be applied to another.   And especially is this true of taxes levied and assessed for the payment of interest and principal of bonds issued by cities to aid construction of railways.   Rev. Stats., arts. 372, 437, 4778.

4.   The misapplication of rent of said property would in no way alter the real rights in and to said property by said city.

*Wood & Mayfield,* for appellee.—A judgment creditor may lawfully have an execution levied on the property of a city not used for municipal purposes to satisfy his judgment.   City of Laredo v. Nalle, 65 Texas, 359.

STAYTON, CHIEF JUSTICE.—The tax collector of the city of Sherman having failed to pay to the proper officer taxes collected to meet the obligation of the city on outstanding bonds issued to aid in the construction of certain railways, suit was brought against him and the sureties on his bond.   In compromise of that claim the tax collector conveyed to the city the property in controversy.   This settlement was made in March, 1887, and since that time the city has endeavored to sell the property without success, on account of some litigation about it; but in the meantime the property has been rented and the money thus received has been placed in the current expense fund of the city. Appellee, being a judgment creditor of the city, caused an execution to be levied on the property, and it was advertised for sale, when this suit was brought to enjoin the sale, on the ground that the property was not subject to sale to satisfy the execution.   The property is residence property and not adapted to or used by the city for any public purpose.   A preliminary injunction was granted, but on final hearing this was dissolved and a judgment entered for defendant, from which this appeal is prosecuted.

Both parties assert the ownership of the city, and therefore no question arises as to the power of the city to purchase the property in satisfaction of the liability of the tax collector and the sureties on his official bond.

The property is not of such character as to be exempt from forced sale as property owned and held only for public purposes, under the provisions of section 9 of article 12 of the Constitution, or the express provision of any statute. If the property is exempt, it is because it must be held to stand in the same position as would the money collected by the tax collector on a tax levied to meet the interest and create a sinking fund with which to discharge the bonded indebtedness of the city at its maturity, the validity of which is not questioned. The city of Sherman is under incorporation under the general law, under which it had power to levy and cause to be collected the sum which the collector failed to pay over. That was required to be assessed and collected separately from the taxes assessed and collected for current municipal expenses. Rev. Stats., art. 437. When assessed and collected this became a special fund disbursable only for the purpose for which the fund was created, and any officer misappropriating such a fund is declared to be guilty of malfeasance in office, subject to removal, and thereafter incapacitated to hold any office in the municipality. Rev. Stats., art. 372.

The Constitution provides, that "Counties, cities, and towns are authorized, in such mode as may now or may hereafter be provided by law, to levy, assess, and collect the taxes necessary to pay the interest and provide a sinking fund to satisfy any indebtedness heretofore legally made and undertaken; but all such taxes shall be assessed and collected separately from that levied, assessed, and collected for current expenses of municipal government, and shall when levied specify in the act of levying the purpose therefor, and such taxes may be paid in the coupons, bonds, or other indebtedness for the payment of which such tax may have been levied." Const. art. 11, sec. 6.

This makes a tax collected under it a special fund; and in view of the limitations placed by the Constitution on municipal taxation, if such a fund by the act of the municipal authorities or otherwise could be diverted and used for some other purposes, then constitutional restraints would become inoperative, and citizens subjected to taxation forbidden by the Constitution. What can not be done directly can not be done indirectly.

The statute makes the further provision, that "all taxes levied, assessed, and collected for the purpose of paying the interest and principal of bonds heretofore issued by cities or towns to aid in the construction of railroads and other works of internal improvement *shall be applied solely to the objects for which they were levied,* under the direction of the Comptroller, as follows: first, to the payment of assessing and collecting the same; second, to the payment of the annual interest of such bonds, and not less than 2 per cent of the principal; and if there be any excess on hand after making the above payments for the current

year, it shall be used in the purchase and cancellation of said bonds." Rev. Stats., art. 4778.

The taxes collected could not have been appropriated to satisfaction of appellee's claim had they been paid over by the collector; and for the protection of the taxpayers as well as creditors, it seems to us that the property in controversy should be deemed a part of the fund, the misappropriation of which made it necessary for the city to acquire title to it.

If a taxpayer had failed to pay the tax on account of which the money was collected, then on sale of his property, if no bid was made, it would have been struck off to the city and a deed made to it, under which the city would have had power to convey the property to a purchaser from it. Rev. Stats., art. 449. The money received on such a sale would go to the fund on account of which the tax was levied, and we see no reason why the proceeds of the sale of the property in controversy should not belong to the fund on account of which the taxes never paid over by the collector were collected; and the fact that the municipal authorities may have misapplied the rents of the property can not affect the question.

On the conceded facts the injunction should have been perpetuated, and the judgment will be reversed and here rendered for appellant perpetuating the injunction, and for costs. It is so ordered.

*Reversed and rendered.*

Delivered April 22, 1892.