**TARTER et al. v. FRAZIER.**

No. 2208.

Court of Civil Appeals of Texas. Eastland.

Jan. 2, 1942.

Rehearing Denied Jan. 30, 1942.

Sterling Williams, of Snyder, Stinson, Hair, Brooks & Duke, of Abilene, and Callaway & Callaway, of Brownwood, for appellant.

Ben F. Thorpe and Sentell & Newsome, all of Snyder, for appellees.

LESLIE, Chief Justice.

C. W. Tarter filed this suit July 24, 1940, in trespass to try title to 160 acres of land in Scurry County. J. M. Adams, J. H. Sheppard, Page Barnette, E. T. Baker and M. Stovall were defendants. Baker, Barnette and Adams disclaimed; Stovall failed to answer, and Sheppard answered that he owned a vendor's lien note against the land which was executed to him by Tarter.

A. L. Frazier intervened and presented a cross-action in trespass to try title for the land. A trial before the court resulted in a judgment in favor of Frazier. There are no findings of fact or conclusions of law in the record.

This litigation is in substance a contest between Tarter and Frazier over title to said land. C. H. Mathews is the common source.

January 5, 1933, C. H. Mathews conveyed the land to Carl Slaughter. A part of the consideration in that deed was the execu-

tion by Slaughter to Page Barnette of a vendor's lien note for $100 dated January 5, 1933, and due November 1, 1933. September 6, 1937, Slaughter deeded the land to E. T. Baker, and no mention was made in that deed of the $100 note.

March 18, 1938, Baker deeded the land to M. Stovall, who assumed the $100 vendor's lien note payable to the order of Page Barnette and described in the Mathews deed to Slaughter, "recorded in Vol. 62 page 472 of the Deed Records of Scurry County, Texas." Hence, Stovall assumed a note or indebtedness barred by limitation November 1, 1937.

July 28, 1938, Stovall deeded the land to J. H. Sheppard and that deed made no mention of the $100 note.

January 10, 1940, Sheppard deeded the land to plaintiff, C. W. Tarter, and neither did this deed make any mention of the $100 note.

There is no evidence of any renewal of the $100 note "by the owner of the land and the holder of the note." Based on rights acquired through the above chain of transfers, Tarter instituted this suit July 24, 1940, against said defendants. Lis pendens was filed in Scurry County July 31, 1940. Tarter contends that Frazier had both actual and constructive notice of his asserted rights.

Frazier's right and title to the land arises from the following circumstances: June 30, 1939, J. M. Adams, as owner of the $100 vendor's lien note and lien securing same on said land, instituted a suit in Hamilton County against J. H. Sheppard, E. T. Baker and M. Stovall to establish said indebtedness and foreclose the vendor's lien on said land. Adams had acquired the note from Barnette and by said suit he obtained a judgment on February 27, 1940, establishing the indebtedness and foreclosing the vendor's lien as against the defendants therein. An order of sale issued thereon May 13, 1940. The Sheriff of Scurry County posted notice of sale July 10, 1940, and sold the land at public sale to said J. M. Adams on August 6, 1940, executing and delivering to him a sheriff's deed therefor. That deed was recorded November 15, 1940.

January 10, 1940, while the record title of the land stood in the name of the last vendee, J. H. Sheppard (a defendant in Hamilton County suit), and while the suit to establish the indebtedness and foreclosure was pending against Sheppard, Baker and Stovall, the said J. H. Sheppard deeded the land to plaintiff, C. W. Tarter.

Adams having acquired title to the land at sheriff's sale on August 6, 1940, he deeded the same to the intervener Frazier October 4, 1940. Asserting his rights under such deed, Frazier intervened in Tarter's suit November 25, 1940.

While Tarter acquired the land from Sheppard January 10, 1940 (deed filed for record February 2, 1940), he, Tarter, was at no time made a party to Adams's suit in Hamilton County, and this appeal raises no question of anyone's right of redemption, etc.

■ Appellant Tarter by an assignment of error attacks the correctness of the judgment against him on the ground of limitation, as applied to the $100 note and lien (adjudicated in Hamilton County). Tarter summarizes his assignment in this language: "This assumption being had by Stovall on the 18th day of March, 1938, four years, four months and 18 days after it had become due, hence the trial court erred in failing and refusing to enter judgment in behalf of the plaintiff C. W. Tarter in his suit in trespass to try title and in entering judgment in behalf of A. L. Frazier on his cross-action." Appellant bases two propositions on said assignment: (1) "After vendor's lien note once becomes barred by the statute of limitation, it is only the owner of the land and the holder of the note that can enter into a valid agreement renewing and extending the payment of the debt and lien so long as it does not prejudice the right of the lien holders or purchasers subsequent to the date such debt and lien become barred by the statute of limitation." (2) "At the time of the assumption of the note executed by Carl Slaughter to Page Barnette which was due on the first day of November, 1933, by M. Stovall, in deed to him from E. T. Baker, dated 18th day of March, 1938, the note was more than four years past due, and was therefore barred by the statute of limitation, all of which A. L. Frazier had due notice and the note having been barred by the four years' statute of limitation by law, it is conclusively presumed to have been paid from the date of maturity of such note, the note having not been renewed and extended as provided by law."

Appellant Tarter seeks to sustain these propositions under the provisions of Art. 5522, Vernon's Ann.Civ.St., and especially the last sentence thereof reading: "Pro-

**170**

vided the owner of the land and the holder of the note or notes may at any time enter into a valid agreement renewing and extending the debt and lien, so long as it does not prejudice the rights of lien holders or purchasers subsequent to the date such liens became barred of record under laws existing prior to the taking effect of, or under this Act; as to all such lien holders or purchasers any renewal or extension executed or filed for record after the note or notes and lien or liens were, or are, barred of record and before the filing for record of such renewal or extension, such renewal or extension shall be void."

It is insisted that the statute as construed in Yates v. Darby, 133 Tex. 593, 131 S.W.2d 95, 101; Holcroft v. Wheatley, Tex.Civ.App., 112 S.W.2d 298, 299; R. B. Spencer & Co. v. Texas P. C. & O. Co., Tex.Civ.App., 91 S.W.2d 411, 413, and authorities cited therein, sustain the above construction. That it is only "the owner of the land and the holder of the note" that could renew and extend the payment of the same, and further, that "neither of the parties, Baker nor Stovall, were the owners of the note" at the time of its attempted assumption by Stovall.

We are of the opinion that said statutes, as construed by the authorities, do not establish the appellant's proposition, but the effect is rather to the contrary. We are not here dealing with or concerned with the transaction between "the owner of the land and the holder of the note." The transaction involved is quite different in its legal aspects. For reasons satisfactory to Baker, he exacted as a part of the consideration, and as a prerequisite to conveying the land to Stovall, that the latter assume said $100 vendor's lien note to Barnette. To acquire the land Stovall was willing to pay that consideration. It is immaterial "that neither of the parties, Baker nor Stovall, were the owners of the (original) $100 note" at the date of Stovall's assumption. They were not attempting to renew and extend "the date of maturity of [any] debt" within the meaning of Art. 5522, supra. As part of the consideration paid by him for the land, Stovall simply agreed to or assumed an obligation measured in amount by the terms of the past due $100 note. That understanding was embodied in the deed from Baker to Stovall. There was no legal obstacle to Baker's demanding and Stovall's paying as part of the consideration for the land an amount thus measured. It was an independent part of the total consideration paid for the land, the same as was the cash consideration of $1,274.44, or the assumed Federal Land Bank indebtedness of $2,026.-61. The obligation thus arising out of the transaction between Baker and Stovall followed the land and was binding upon the plaintiff Tarter, who, as stated, purchased the land from Sheppard on January 10, 1940, less than four years after Stovall created that obligation by accepting from Baker the deed of March 18, 1938 (recorded August 1, 1938).

If, instead of the assumption set out in the deed from Baker to Stovall, the latter had executed to Baker as a part of that transaction his (Stovall's) promissory vendor's lien note of the same amount as that assumed by Stovall or represented by the old note, it could not be successfully contended such new vendor's lien note did not constitute as against the land a legitimate encumbrance or valid lien binding upon Stovall and each vendee acquiring the land subsequent to the execution of such new note and at a time when it was not barred by limitation. Such period of limitation would run either from the due date of the (supposed) new note, or, as in the instant case, from the date of Stovall's assumption, the Barnette note being then past due and barred by limitation.

Stated differently: Let it be granted that the original note was barred by limitation when Baker deeded the land to Stovall, nevertheless Baker and Stovall had the power and right to agree upon the terms by which Baker was willing to convey the land and Stovall was willing to accept and pay for the same. The transaction could not have been consummated otherwise. So, by their mutual agreement evidenced by the Baker deed to Stovall, there arose what may well be regarded as a new and binding obligation measured in amount by the terms of the original note and certainly an encumbrance on the land binding on Stovall and subsequent vendees becoming such before the operation of any bar of limitation. Art. 5520, R.C.S.1925, Vernon's Ann.Civ. St. art. 5520.

In Yates v. Darby, 133 Tex. 593, 131 S. W.2d 95, 96, it was held that: "The statutes [5520–5522, V.A.C.S.] providing that, after four years from due date of vendor's lien note without renewal or extension thereof, note and each installment thereof are conclusively presumed to have been

paid, *have primarily for their purpose the protection of third persons* who may acquire a lien thereon, or purchase the mortgaged premises *more than four years after the maturity date* shown in the mortgage and *while there appears of record no extension agreement.*" (Italics ours). Certainly Tarter is not the "third person" entitled to the protection of the statute for he acquired the land (1/10/40), well within the four years following the assumption or creation of the obligation evidenced by the Baker deed to Stovall of date March 18, 1938, recorded August 1, 1938.

■ Appellant Tarter not only bought the land at a time when foreclosure proceedings were pending in Hamilton County, but he was charged with notice of the obligation created or assumed by Stovall in Baker's deed to the latter. It is a general rule that the purchaser of land is charged with notice of the existence, contents and legal effect of all instruments contained in his chain of title or connected therewith. For a discussion of that rule and the diligence required of purchasers by the same, see Gulf Prod. Co. v. Continental Oil Co., Tex.Sup., 132 S.W.2d 553, and 43 Tex.Jur. 647.

■ Appellant Sheppard challenges the sufficiency of the Hamilton County district court's judgment in favor of J. M. Adams and introduced on this trial on the ground that the same is not a final judgment since it did not dispose of him "one way or the other" and was, therefore, inadmissible against him.

The record has been carefully examined in the light of this contention. The Hamilton County judgment recites "it also appeared to the court that although J. H. Sheppard had filed an answer setting up the statute of limitation of four years; he later filed a disclaimer to the land in question." That judgment then proceeded to dispose of the litigation and to our minds it is a final judgment, since it clearly disposed of all parties and issues, either expressly or by necessary implication. De-Zavala v. Scanlan, Tex.Com.App., 65 S.W. 2d 489; Southern P. Co. v. Ulmer, Tex. Com.App., 286 S.W. 193; Lindsey v. Hart, Tex.Com.App., 276 S.W. 199; Duke v. Gilbreath, Tex.Civ.App., 2 S.W.2d 324; 25 Tex.Jur. 369, 826; 26 Tex.Jur. 417.

■ Appellant Sheppard further objects that Sheriff Lynch's deed to Adams was introduced in evidence over his objections that it had not been filed three days among the papers of the cause, as required by Art. 3726, Vernon's Ann.Civ.St. The error, if any, was harmless. The intervener, Frazier, introduced in evidence the judgment of foreclosure entered in the district court of Hamilton County, the order of sale based thereon, sheriff's notice and return disclosing that he had sold the land in question to said J. M. Adams, the highest bidder at public sale. This vested title to the land in said Adams and the sheriff's deed was not necessary to accomplish that fact. In Jackson v. First Nat. Bank, Tex.Civ.App., 290 S.W. 276, 277, it was held: "The introduction of the deed [sheriff's] was not necessary to establish the title in the plaintiff. The judgment, order of sale, and return of the sheriff, showing the sale to the plaintiff, had already passed the title to plaintiff, and a deed was not necessary to effectuate that." Citing authorities. Certified copies of such judgments, orders, etc., issued out of a court of competent jurisdiction are admissible under Art. 3720, Vernon's Ann.Civ. St. It is unnecessary that said instruments be filed three days before being introduced in evidence. McDermott v. Steck Co., Tex. Civ.App., 138 S.W.2d 1106, writ refused.

■ Sheppard's further assignment, to the effect that the trial court erred in permitting the introduction in evidence of the deed from Adams to Frazier over his objection that the deed had not been filed with the papers of the cause for three days as required by Art. 3726, is overruled for the reason that the record fails to show that any such objection was made in the trial below. It was, therefore, waived.

For the reasons assigned, the judgment of the trial court is affirmed.