# MAY, 1948

STATE OF TEXAS V. CITY OF SAN ANTONIO ET AL.

No. A-1553. Decided May 19, 1948.
(209 S. W., 2d Series, 756.)

*William N. Hensley*, Criminal District Attorney, and *James C. Brady*, Assistant Criminal District Attorney, both of San Antonio, for petitioner, State of Texas.

The trial court and the Court of Civil Appeals erred in holding that the property herein was exempt from taxation by the State and county under Article XI, section 9, of the Constitution. Taylor v. Robinson, 10 S. W. 245; San Antonio Ind. Sch. Dist. v. Water Works Board of Trustees, 120 S. W. (2d) 861; City of Abilene v. State, 113 S. W. (2d) 631.

*T. D. Cobb, Jr.*, City Attorney, and *William C. Davis*, Assistant, City Attorney, for respondent, City of San Antonio.

Where land is acquired by a city and title becomes vested therein and same is used by it for public purposes, all proceedings to collect taxes by another taxing unit against same by enforcing a tax lien are without effect and void, and the attorney for said city was without constitutional authority to admit the tax claim of the State and county and was not estopped to assert the invalidity of a judgment in the lower court decreeing the recovery of state and county and authorizing a forecelosure of such tax lien against property the title of which is vested in the City of San Antonio. Childress County v. Schultz, 199 S. W. (2d) 860; State v. Stovall, 76 S. W. (2d) 206; Daugherty v. Thompson, 71 Texas, 192, 9 S. W. 99.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

The State of Texas, for itself and the County of Bexar, brought this suit against the City of San Antonio and the San Antonio Independent School District for taxes alleged to be due on a certain city lot in San Antonio for the years 1930 to 1945, both inclusive, and for foreclosure of tax liens. The state

was awarded judgment for $510.80, the amount of taxes, penalties and interest accrued for the years 1930 to 1940, both inclusive, with foreclosure of tax liens and order of sale; but it was denied recovery for the years 1941 to 1945. That judgment was affirmed by the court of civil appeals. 206 S. W. (2d) 111. Both sides asked for the writ of error, and both applications were granted.

On September 24, 1938, the city and school district recovered judgment against one Barnes for taxes due them on the lot for years 1930 to 1937, both inclusive, and for foreclosure of their tax liens, neither the state nor the county being a party to the suit. The city and school bid in the lot in the foreclosure against Barnes; a sheriff's deed was executed and delivered to them on December 6, 1938, and duly filed for record on December 27, 1938. The trial court's judgment in the case at bar recites that the period of redemption in favor of Barnes expired on December 27, 1940; that since then the title to the lot has been vested in the city and school district and they have owned and held the title "solely for the purpose of collecting taxes thereon." However, physical possession of the lot continued in Barnes, who rented two buildings thereon to tenants and collected all rents, the city and school district receiving nothing. The city and school district did not go into actual possession of the lot until some time in 1946, when they were awarded a writ of possession under a judgment in trespass to try title against Barnes.

The complaint by the city and school district here is against that part of the judgment awarding the State and county the sum of $510.80 as taxes, penalties and interest due for the years 1930 to 1940, both inclusive.

That judgment was based on a stipulation entered into in the trial court by the city's tax attorney that the lot was subject to State and county taxes for the years 1930 to 1940 and that the city and school district were willing and able to pay the taxes claimed for those years. No money was tendered into court, and there is no showing whatever that the city's tax attorney was authorized by proper authority to make any tender or to bind the city and school district by any such agreement.

The stipulation was a nullity, therefore it afforded no support whatever for the judgment against the city and school district for taxes due the state and county for the years 1930-1940. It is well settled by repeated decisions of this court that

in the collection of taxes the city and school district, as arms of the government, are discharging a governmental function and cannot be bound or estopped by any unauthorized acts of their officers in the performance of that function. City of San Angelo v. Deutsch, 126 Texas, 532, 91 S. W. (2d) 308; Republic Insurance Co. v. Highland Park Independent School District, 141 Texas, 224, 171 S. W. (2d) 342; City of San Antonio v. Earnest, 144 Texas, 83, 188 S. W. (2d) 775; Rolison et al v. Puckett et al, 145 Texas, 366, 198 S. W. (2d) 74.

■ Although the state and county did have a lien against the lot for taxes due them while the lot was privately owned by Barnes and others, the lien became unenforceable after the city and school district acquired title to it by the tax sale in 1938 and while they continued to hold it for public purposes; and the lot, while so held, was not subject to seizure and sale to satisfy a judgment for taxes levied by the state and county during the time it was so privately owned; and any proceeding attempting to accomplish that is void. State v. Stovall (Civ. App.), 76 S. W. (2d) 206 (er. ref.) ; Childreess County v. State et al, 127 Texas, 343, 92 S. W. (2d) 1011; City of Marlin v. State (Civ. App.), 205 S. W. (2d) 809.

The reasoning in support of the holdings in the cases just cited applies with equal force to this case, despite the fact that the state and county were not made parties, under the provisions of Art. 7345b, V. A. C. S., to the tax suit prosecuted by the city and school district in 1938. It would still be an idle and expensive proceeding to permit two agencies of government to take the lot in an effort to collect taxes due them thereon, from two other agencies of government while the latter are holding it for that very same purpose. Public policy certainly would not be served by any such purposeless litigation between different agencies of government.

Attacking the judgment which denied them recovery of taxes for the years 1941 to 1945, the state and county insist that the lot in question was not owned and held by the city and school district during that time only for public purposes, as contemplated by Art. II, Sec. 9, of the Constitution of Texas. They argue that it was not so owned and held because (1) no effort was made during those years to sell the lot; (2) the lot was never put to any public use because Barnes, the former owner, was permitted to remain in possesison and to receive and retain the rents and profits therefrom; and (3) from the time the city

and school district got their tax deed in 1938 until some time in 1946 he remained in continuous possession without · being disturbed.

■ The trial court's judgment recited that the city and school district were "owning and holding said property solely for the purpose of collecting taxes thereon," which can mean nothing except that they were holding it until it could be resold. That was an owning and a holding for a public purpose, under Art. XI, Sec. 9, Const., supra. City of Austin v. Sheppard, 144 Texas, 291, 190 S. W. (2d) 487. Barnes' right to redeem the lot expired on December 27, 1940, and it may be that the city and school district should have sold the lot immediately thereafter or at some time sooner than 1946. Even so, they could act only through their officers and if those officers failed to act when they should, that failure was negligence in the exercise of their principals' governmental functions, which in no way bound the city and school district. City of San Angelo v. Deutsch, supra, and authorities there cited.

■ By the same token, if Barnes was improperly allowed to remain in undisturbed possession and to collect all rents from the lot it was due to negligence on the part of the officers of the city and school district, which cannot be charged against the latter. Therefore, the court of civil appeals correctly held that City of Austin v. Sheppard, supra, is decisive of the effort of the state and county to recover taxes for the years 1941 to 1945, both inclusive. See Rolison v. Puckett, supra.

Accordingly, in so far as they award the state and county recovery of $510.80 as taxes, penalties and interest for the years 1930 to 1940, both inclusive, with foreclosure and order of sale, both judgments below are reversed and judgment is here rendered in favor of the city and school district; otherwise both judgments below are affirmed.

Opinion delivered May 19, 1948.

No motion for rehearing on file.