**CITY OF HOUSTON v. DARLAND.**

No. 12629.

Court of Civil Appeals of Texas.

Galveston.

Jan. 21, 1954.

Rehearing Denied Feb. 18, 1954.

Will Sears, City Atty., Richard H. Burks, Senior Asst. City Atty., and Joseph C. Johnson, Asst. City Atty., Houston, for appellant.

Al Schulman, Houston, for appellee.

HAMBLEN, Jr., Chief Justice.

This suit was filed by the appellant, City of Houston, in trespass to try title to recover title and possession of Lot 10, Block 65, Port Houston Addition to the City of Houston, Harris County, Texas. At the conclusion of the evidence, appellant moved for an instructed verdict, which was overruled. The trial court then submitted to the jury four issues of fact. The first inquired as to an alleged mistake of fact in the names of the parties and the identifying cause number of an instrument offered by appellee in support of his record title. By Issue No. 2 the court submitted improvements in good faith. By No. 3 the three year statute of limitations and by No. 4 the five year statute of limitations. Upon answers favorable to appellee judgment was entered that appellant take nothing.

Title to the property in question was at one time vested in J. H. McCracken and wife, Ilda McCracken, which title was common to both litigants. The record title of the appellant, City of Houston, consisted of a judgment of the District Court of Harris County, Texas, dated November 24, 1923, in Cause No. 103,137, styled The City of Houston v. J. H. McCracken et al., said judgment being in favor of the City of Houston for taxes for the years 1919, 1920, and 1921, assessed against the property in controversy and foreclosing its tax lien thereon. Appellant next offered the order of sale issued pursuant to such judgment, and the sheriff's return thereon, reciting the proper advertising of the property for sale, the sale of the property to the City of Houston as highest bidder and the issuance of a deed to the City of Houston for such property. The deed so recited is not in evidence.

Appellee's record title, insofar as necessary to our discussion, consisted of a tax judgment rendered March 8, 1945, in Cause No. 169,574, styled State of Texas v. J. H. McCracken et al., order of sale issued pursuant thereto, sheriff's deed thereunder to C. D. Moffett and wife, quitclaim deed

from Moffett and wife to G. B. Duncan and quitclaim deed from G. B. Duncan to appellee. Appellee also offered in evidence an instrument, properly acknowledged, of which the following is a copy:

"(Defendant's Exhibit 4)

Account No. 98–196

"The State of Texas ⎱
County of Harris ⎰

"Whereas, the City of Houston recovered a judgment in Cause No. 103,131 in the 61st Judicial District Court of Harris County, Texas, against E. A. Calvin for all delinquent taxes due the City of Houston and the Houston Independent School District through and including the year 1944, in which a judgment lien was created against the following property: Lot 10, Block 65, Port Houston Addition to the City of Houston, Harris County, Texas, and

"Whereas, said taxes on the above described property have now been paid in full and a release of the judgment lien is desired: Now, Therefore,

"Know All Men By These Presents:

"That the City of Houston, Texas, a municipal corporation acting by and through its City Manager, John N. Edy, and City Secretary, M. H. Westerman, hereunto duly authorized, for and in consideration of the premises and the payment in full of all City of Houston and Houston Independent School District taxes, interest, penalty and other costs through the year 1944 to it in hand paid, the receipt whereof is hereby acknowledged, does hereby release and discharge the above described property from the lien created by said judgment.

"Executed this the 12 day of September, A. D. 1945.

"City of Houston
By /s/ John N. Edy
City Manager"

"(Seal)
(Attested)
(Approved)
(Acknowledgment)

The jury, in response to Special Issue No. 1, found that the City of Houston, in executing the foregoing instrument, mistakenly identified the cause as No. 103,131, entitled "City of Houston v. E. A. Calvin", whereas it intended to identify it as No. 103,137, entitled "City of Houston v. J. H. McCracken et al."

Appellant complains of the judgment rendered against it in four asserted points of error. By its first point it contends that the instrument copied above, on which appellee relied to defeat the city's title, was void and ineffectual because (1) as a release it was executed after the period of redemption, (2) it purports only to release a judgment lien which had been foreclosed and merged into title, and (3) the city council never authorized its execution. By its second point appellant contends that the tax deed upon which appellee relied is void because (1) the State's tax lien had been merged in the title already acquired by the City of Houston, and (2) the city was not made a party to the foreclosure suit. Appellant's third point insists that Art. 5517 prevented the acquisition of any title by appellee by occupancy or adverse possession, and its fourth point insists that appellee failed to show a regular chain of title from the sovereignty required under the three year statute of limitations, and that the evidence was insufficient to raise the issue of title under the five year statute.

█ The city proved good title of record by proof of a valid judgment, order of sale, and sheriff's return. A deed from the sheriff thereunder, being a ministerial act, is not essential to the investiture of title. Burnam v. Blocker, Tex.Civ.App., 247 S.W.2d 432; Glenn v. Hollums, 5 Cir., 80 F.2d 555.

[2–4] The instrument dated September 12, 1945, copied above, was ineffectual to divest the city of its thus acquired title. Being unambiguous on its face, its construction is a question of law. It does not purport to be a conveyance. At most it purports to be only a release of a judgment lien which had already, under the cited authorities, merged with the title acquired by foreclosure by the City of Houston. It

cannot be considered as an exercise of the right of redemption for two reasons: (1) the redemption period had expired, and (2) that right can be exercised only by the defendant in a tax judgment or parties in privity with him. Appellee is neither. Furthermore, even had such instrument been in form sufficient to purport to convey title, it is subject to the attack that its execution was not authorized by the city council. This Court, in Isaac v. City of Houston, Tex.Civ.App., 60 S.W.2d 543, held that the city is not bound by an act of an official unless the act be authorized by ordinance, resolution, or motion.

Neither does the sheriff's deed, issued under the March 8, 1945 tax judgment in favor of the State of Texas, operate to divest the title held by the City of Houston. This results from the well recognized proposition that one taxing unit is prohibited from enforcing its lien during the period the title was in another taxing unit. Lubbock Independent School District v. Owens, Tex.Civ.App., 217 S.W.2d 186; City of Marlin v. State, Tex.Civ.App., 205 S.W.2d 809; State v. City of San Antonio, 147 Tex. 1, 209 S.W.2d 756.

Since we have held that appellee failed to show any title of record to the property in controversy, it follows that he must recover, if at all, under his pleas of limitation. Appellant's third point seems to be supported by the case of Eason v. David, Tex.Civ.App., 232 S.W.2d 427. In that case, however, the court did not, as contended by appellant, hold that property held by a city under foreclosure sale for taxes due the city was property used for public purpose within the meaning of Art. 5517 of the Revised Statutes of Texas, Vernon's Ann.Civ.St. art. 5517. Rather did the court express doubt as to the applicability of that statute. The court held that such a holding of property by a city, since, as here, no other use had been made of the property, could be construed only as a holding for resale for the purpose of collecting taxes due the city, and, said the court, since limitation does not run against the collection of taxes by a city, and since the holding of property for resale is but a step taken in the collection of taxes, it followed that the collection of taxes could not be defeated by virtue of the statutes of limitation applicable to suits to recover title to land. In the instant case, all taxes due the City of Houston appear to have been paid. For this reason, a question arises as to whether the reasoning employed in Eason v. David, supra, would be applicable here.

However, that question need not be decided for the reason that, as pointed out in appellant's fourth point, appellee failed to offer evidence justifying the submission of the issues of the three and five year limitations. The three year statute of limitations, being Art. 5507, is, by its terms, made available only to persons claiming under title or color of title. Art. 5508 defines "title" as a regular chain of transfers from and under the sovereignty of the soil and "color of title" as a consecutive chain of such transfers down to such person in possession without being regular. Appellee failed to connect his title with the sovereignty of the soil by evidence of any kind. The submission of the three year limitation issue to the jury was, therefore, error and the jury's finding thereon cannot support the judgment in appellee's favor.

Art. 5509 is available to persons claiming under a deed or deeds duly registered. Appellee in this case claims under a tax deed dated and filed for record July 17, 1945. While a tax deed will support the plea of limitation under the five year statute, it has been held that the statutory period does not begin to run until the expiration of the time within which the owner is entitled to redeem. The case of Lindley v. Mowell, Tex.Civ.App., 232 S.W.2d 256 (writ refused, n. r. e.), holds this rule applicable in favor of a stranger to the tax suit in whom no right of redemption rests. If that rule be applied here, appellee's title under the five year statute would not ripen until five years after July 17, 1947. The appellant's suit was filed November 13, 1950.

However, aside from that problem, we feel that the evidence of possession by appellee and those under whom he holds is insufficient to support the issue even though it be considered to have commenced on the registration date of appellee's tax deed.

 Art. 5509 requires that the claimant to property under that statute must have peaceable and adverse possession of the land, cultivating, using or enjoying the same.

Appellee's predecessor in title, C. D. Moffett, testified that he took possession of the property by digging up some trees and brush and filling in the lot with dirt in July of 1945.

Aside from that activity, the next action performed by the witness was on the first Sunday in October, 1947, at which time the witness placed a fence around the property and put up a sign on the Monday following such Sunday. This evidence, we feel, fails to meet the test set out by the Supreme Court of Texas in McKee v. Stewart, 139 Tex. 260, 162 S.W.2d 948; Bender v. Brooks, 103 Tex. 329, 127 S.W. 168; and in Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226.

This Court finds no merit in the counter points asserted by appellee. The tax judgment under which the City of Houston claims title was shown to have been rendered upon citation by publication in which were named as defendants, J. H. McCracken and wife, Ida McCracken. The correct name of the wife was Ilda McCracken. We have carefully examined the authorities cited by the litigants and while we find no case identical, we feel that the reasoning employed in the authorities supports the contention that the name "Ilda McCracken" and the name "Ida McCracken" are within the rule of idem sonans, especially when the name "Ida McCracken" was joined with the name of J. H. McCracken, husband of "Ilda McCracken." The judgment under which appellant deraigns title is not subject to the collateral attack here made upon it.

Neither, we feel, is the City of Houston estopped to assert title by virtue of the release heretofore copied herein and relied upon by appellee. Gulbenkian v. Penn, Tex., 252 S.W.2d 929; City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308. Appellee's remaining counter points are in answer to the points of error asserted by appellant, and have already been adequately discussed.

For the reasons which we have set forth, this Court is of the opinion that the judgment of the trial court was erroneous and that that judgment must be reversed and judgment here rendered in favor of the appellant, City of Houston.

Reversed and rendered.