

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 9, 1951

Hon. J. W. Edgar, Commissioner
Texas Education Agency
Austin, Texas     Opinion No. V-1308

Re: Liability of Marshall
Independent School
District for paving
assessments for streets
adjoining its property.

Dear Sir:

Your request for an opinion relates to the liability of the Marshall Independent School District, a municipally controlled district, for the paving of streets adjoining the school district's property. Your factual presentation is as follows:

"The Marshall Independent School District is municipally controlled in that the members of the Board of Education are appointed by the City Commission except when there is a resignation of a board member before the expiration of his appointed term of office, in which case it is the prerogative of the school board to appoint a member to complete the term of office.

" . . .

"The title for property owned by the Marshall Independent School District is vested in the Board of Education.

" . . .

"The Marshall School Board as authorized through the City Charter, may contract, be contracted with, sue, be sued, plead, be impleaded, may receive gifts, grants, conveyances, donations, and devises . . . provided, however, the sale of any property for a value of $1000 or more is first approved and affirmed by the Commission of the City of Marshall.

"On February 23, 1951, Prendergast &
Prendergast, Attorneys, Marshall, Texas,
enclosed with a letter of explanation
an invoice for proposed street paving
of Lots 10-20, Block 2, College Heights
Addition, fronting 240 feet on University Avenue. The invoice was billed
to the Marshall School Board for work
to be done by H. R. Henderson Company
for the City of Marshall.

"On the basis of the facts stated above,
we submit the following questions:

"1. Is the Marhsall Independent
School District obligated to pay for
the paving of streets adjoining its
property?

"2. If your answer to the first
question is in the negative, does the
board of trustees have the authority
to voluntarily pay for such paving?"

You have informed us that the property on
account of which the assessment was made is used
as a public school site.

Article XI, Section 9, of the Constitution
of Texas is as follows:

"The property of counties, cities
and towns, owned and held only for public
purposes, such as public buildings and
the sites therefor.[sic] Fire engines and
the furniture thereof, and all property
used, or intended for extinguishing fires,
public grounds and all other property devoted exclusively to the use and benefit
of the public shall be exempt from forced
sale and from taxation, provided, nothing
herein shall prevent the enforcement of
the vendors lien, the mechanics or builders lien, or other liens now existing."

In Lower Colorado River Authority v. Chemical Bank & Trust Co., 144 Tex. 326, 190 S.W.2d 48
(1945), the court held that property of the Lower
Colorado River Authority used in the execution

of the purposes for which the agency was created was exempt from taxation by virtue of Section 9 of Article XI. The court stated:

"It thus appears from the provisions of our Constitution and legislative enactments thereunder, as they have been construed by our courts, that LCRA is a governmental agency serving a public purpose in controlling and storing the flood waters of the Colorado River and that all benefits derived from its efforts are public benefits. Hence, its property is public property devoted exclusively to public use and is exempt from taxation under Art. XI, Sec. 9, of the Constitution; and the proviso contained in Sec. 4a, Art. 7150, supra, requiring payments 'in lieu of taxes,' is void because contrary to the Constitution."

From this case, we conclude that the exemption accorded by this constitutional provision extends to the property of any governmental agency which is devoted exclusively to the public use. An independent school district is a political subdivision of the State, and property used for the site of a public school building is devoted exclusively to the use and benefit of the public. King's Estate v. School Trustees of Willacy County, 33 S.W.2d 783 (Tex. Civ. App. 1930, error ref.); Daugherty v. Thompson, 71 Tex. 192, 9 S.W. 99 (1888). The conclusion that the exemption extends to the property of an independent school district is supported also by the decision in State v. City of San Antonio, 147 Tex. 1, 209 S.W. 2d 755 (1948), which held that this provision exempted from taxation property bought in by the City of San Antonio and the San Antonio Independent School District on foreclosure for delinquent city and school district taxes.

In Harris County v. Boyd, 70 Tex. 237, 7 S.W. 713 (1888), it was held that the exemption in Article XI, Section 9, included special assessments for street improvements. The court said:

". . . there is no apparent reason why the exemption in the constitution should not be taken in the ordinary and more comprehensive sense, so as to include

all taxation, special as well as general. The purposes of the exemption obtain equally against special asessments as against general taxation. The inhibition against sale would seem to negative the power to assess. . . .

"The court holds that the action of the city authorities in assessing the tax against the courthouse site, and in attempting to bind the county as the owner, was inhibited by section 9, art. 11, of the constitution of the state. It was without authority as well as against the county as against the property."

In view of the foregoing authorities, it is our opinion that the City of Marshall does not have the authority to levy an assessment against property used as a public school site unless the fact that the Marshall Independent School District is a municipally controlled district calls for the application of a different rule. On June 21, 1949, the City of Marshall adopted a charter amendment providing that the improvement of its streets should be governed by the provisions of Article 1105b, V.C.S. This statute authorizes the governing body of the city to provide for the cost of such improvements by the city or partly by the city and partly by assessments against property abutting on the street to be improved. If the school district is merely a branch of the city government and does not have a separate identity, it might be argued that it would be proper for the city governing body to authorize payment of part of the cost out of school funds.

Under its charter, the City of Marshall is constituted an independent school district, and its schools are placed under the management and control of a school board appointed by the city commission. By Section 184 of the city charter, the school trustees are incorporated and made a body corporate in law under the name of "Marshall School Board." By Section 185, the absolute title and all rights to all property for school purposes are vested in the board of trustees.

These charter provisions are consistent with the general statutes governing municipally controlled school districts. Article 2772, V.C.S., provides:

"In every city or town in this State which has or may assume the exclusive control and management of public free schools within its limits, and which has or may determine that such exclusive control and management shall be in a board of trustees, and organized under an Act of the Sixteenth Legislature, approved April 3, 1879, and Acts amendatory thereto, the title to all houses, lands and other property owned, held, set apart, or in any way dedicated to the use and benefit of the public free schools of such city or town, including property heretofore acquired as well as that which may hereafter be acquired, shall be vested in the board of trustees and their successors in office, in trust for the use and benefit of the public free schools in such city or town; and such board of trustees shall have and exercise the exclusive control and management of such school property, and shall have and exercise the exclusive possession thereof for the purpose aforesaid; . . ."

Likewise, Article 2780, V.C.S., states that the trustees "shall have the exclusive power to manage and govern said schools, and all rights and titles to property for school purposes heretofore vested in the mayor, city councils, or school trustees . . . shall be vested in said board of trustees and their successors in office." In Temple Independent School Dist. v. Proctor, 97 S.W.2d 1047, 1054 (Tex. Civ. App. 1936, error ref.), the court held that this statute applies to all trustees of independent districts, "whether appointed by the city council or elected by popular vote." The court further stated that the statutes relating to municipally controlled school districts manifest a clear legislative intent that where a board of trustees has control of such schools their control is to be exclusive.

Thus, by the charter provisions as well as by the general statutes, the title to the property of the Marshall public schools has been vested in the board of trustees. The City of Marshall as a municipal corporation levies and collects the taxes by which its school system is operated, but the management and disposition of these funds are under the control of the school board. Under these facts, it is our conclusion that the City of Marshall has no power, in its municipal capacity, to levy an assessment against the property of the school district.

Passing to your second question, it is our opinion, based upon the holding in a letter addressed to Hon. Gibb Gilchrist dated May 15, 1951, that the Marshall Independent School District may voluntarily pay for such paving if the board of trustees determines, in the exercise of its sound discretion, that the paving is necessary in the conduct of the public schools. In the opinion above referred to, it was stated:

"It is our opinion that the answer to the question which you present is controlled by the statements found in a letter opinion from the Attorney General to the County Attorney of Montgomery County, dated March 1, 1940, and attached hereto. There the question under discussion was whether the Conroe Independent School District could use its local school funds to pay for concrete sidewalks built on property adjacent to school property but owned by a private individual in which the School District had no character of interest, the sidewalks to be used by pupils going to and from school. The statute involved in that opinion is Section 2 of Article 2827, Vernon's Civil Statutes, which provides in part:

"'The public free school funds shall not be expended except for the following purposes:

"'2. Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources

may be used for the purposes enumerated
for state and county funds and for pur-
chasing appliances and supplies, for the
payment of insurance premiums, janitors
and other employees, for buying school
sites, buying, building and repairing
and renting school houses, and <u>for other
purposes necessary in the conduct of the
public schools to be determined by the
Board of Trustees . . .</u>' (Emphasis added.)

"Based upon this statute it was held
that the Board of Trustees was authorized
to use local funds for the necessary pav-
ing."

## SUMMARY

The Marshall Independent School Dis-
trict is not obligated for the paving of
streets adjoining a school site; however,
the board of trustees of the district
may voluntarily pay for the paving if
the board finds that the paving is neces-
sary in the conduct of the public schools.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

BW:MKW:awo

Very truly yours,

PRICE DANIEL
Attorney General

Burnell Waldrep

Mary K. Wall
Assistants