J. F. PERRY v. E. W. GREGORY AND ANOTHER.

Where the plaintiff brought an action to supersede an execution, and vacate the
    judgment on which it issued, on grounds which attacked the validity of the
    judgment, and afterwards moved the Court to enter satisfaction of the judgment,
    on the ground that it had been paid, and the motion was overruled, and a de-
    murrer to the petition so far as it sought to vacate the judgment was sustained,
    and the petition in error described the suit by the petition and final judgment
    thereon, it was held that the motion was essentially a separate proceeding, form-
    ing no part of the main action, and that the judgment thereon was not before
    this Court for revision.
See this case as to the difference in effect, in certain cases, between a motion and
    an amendment.

Perry v. Gregory.

The 18th Section of the Act of limitations of 1841 (Hart. Dig. Art. 2394) applies to bonds forfeited before the Act took effect, but the time limited runs, in such cases, from the time said Act took effect, not from the date of the forfeiture.

The 18th Section of the Act of limitations of 1841, (Hart. Dig. Art. 2394) gives one year within which a party may assert his remedy to avoid the bond and relieve himself from the legal obligation which it imposes, for any existing cause, which would be availing to defeat a recovery if urged as a defence, to an action on the bond. And it is immaterial in what form he may assert the remedy provided : whether it be by motion or petition, the statute will be equally operative to defeat the action, unless pursued within the time limited.

In our system, statutes of limitation go to the substance and not to the form of the action or proceeding ; therefore where the statute used the term *move* it was held that an *action* was included. *Quere*, whether this case decides that where a statute provides a particular remedy or mode of proceeding, which was previously unknown to the law, and at the same time places a limitation upon it, such limitation applies to every other mode of proceeding to effect the same object.

Error from Brazoria. Action by the plaintiff in error, commenced September 16, 1847, to supersede an execution and quash a twelve months bond taken under the 8th Section of the execution law of 1839. (Hart. Dig. Art. 1277.) The bond was taken in 1839, and the execution which the plaintiff sought to supersede, was issued thereon in 1847, and did not purport to be a *pluries* execution. Several objections were made to the bond, which attacked its validity, but which, in the view of the case taken by the Court, are not material to this report. The defendant confessed irregularity in the execution; but objected to the quashing of the bond, on the ground that the proceeding for that purpose was barred by the 18th Section of the Act of limitations of 1841. (Hart. Dig. Art. 2394.) The Court below sustained the objection to the petition, so far as it sought to quash the bond, but superseded the execution, and gave judgment for the plaintiff for costs. This was at the Fall Term, 1850.

At the Fall Term, 1849, the plaintiff had filed a motion " to enter satisfaction on the bond and judgment, because the same had been paid," &c. This motion was overruled at the Fall Term, 1850, on the same day the judgment was rendered on the petition, but by separate order. The record contained a statement of facts, on the motion, which, in the view of the case taken by the Court, are not material to this report.

The petition for the writ of error described the main action and the judgment therein, and did not by its terms include the action on the motion to enter satisfaction, unless the motion should be considered as a part of the main action.

WHEELER, J. The application, by the motion of the 16th of November, 1849, to obtain an entry of satisfaction upon the bond, had no necessary or proper connection with the case made by the petition. Nor has it such connection with the case brought before us by the present writ of error for revision. It sought to attain the same ultimate object, the vacation of the bond ; but in a different way and upon a different ground. It proceeded upon an entirely distinct and independent ground, or cause of action, in no way connected with, or incidental to the case then pending. It was, in substance and in fact, a distinct and separate action or proceeding, and the judgment rendered therein was not an interlocutory order or judgment in this case, but was a final judgment in that proceeding, from which, to authorize its revision, an appeal or writ of error should have been taken.

The pendency of this suit may have been a sufficient reason for refusing the motion. To have sustained it would have been to have sustained, at the same time, two distinct proceedings having the same object in view ; and to have permitted the plaintiff to effect by another proceeding the final result contemplated by this suit. If the motion had been successful the purposes of the suit would have been accomplished, and there would have been no occasion for its further prosecution. It is, however, a sufficient answer to the first error assigned, that the subject matter of it is not before us for revision.

The only question properly presented by the record is upon the ruling of the Court sustaining the demurrer. The bond, which it was proposed by this proceeding to quash and annul, is made a part of the petition, and appears on its face to have been executed in 1839, in pursuance of the Act of the 26th of

January of that year, (Hart. Dig. Art. 1277,) which provided that, where property offered for sale by virtue of an execution would not bring two-thirds of its appraised value, it should be sold on a twelve months credit for what it would bring, the purchaser giving a bond for the payment of the purchase money, which should be returned to the office of the Clerk of the District Court from which the execution issued, and should have the force and effect of a judgment against the principal and sureties, upon which, if not paid at maturity, execution might issue.

By the 18th Section of the Act of limitations of the 5th of February, 1841, (Hart. Dig. Art. 2394,) it is provided " that " the obligors or any one or more of them, whose name or " names appear to any statutory bond, concerning which it is, " or shall be by law provided, that it is to be or shall become " a judgment, or have the effect thereof, shall have one year " after the actual or ostensible forfeiture of the same, to move " said Court to quash said bond; or otherwise, to move for " and have an issue or issues, and a jury to try the same, or " any other matter of fact, which, on a regular action on such " bond, might properly defeat or modify a recovery thereon " against such obligor or obligors."

The bond in question in this case matured in 1840. If not paid by the 1st of January, 1841, it was forfeited; and the plaintiff had one year from that time, or from the time when the statute of limitations went into effect, to pursue the remedy given by the statute. But this proceeding was not instituted until more than five years thereafter, when the remedy contemplated by the statute was lost by the lapse of time.

This is admitted. But it is insisted that the remedy given by the statute is cumulative, and that the party might still proceed by action, instead of by motion under the statute. It may be conceded that the remedy given by the statute is cumulative, and that the party had his election of either of two modes of proceeding to avoid the bond. But when the statute has prescribed a period within which the remedy must be pur-

sued, a party, it is conceived, cannot avoid the statutory bar by simply changing the form of the remedy, while the substance of the action and the relief sought are the same.

It cannot be denied that the present is a proceeding instituted to accomplish the same object, and for the same causes; and that it is, in substance, the same remedy contemplated by the statute. The relief sought is the same. The only difference is in the form of the proceeding. It is but the use of a different form for asserting substantially the same remedy. It is, in effect, the motion contemplated by the statute, under the form of a petition, to quash the bond. Can it be supposed that the statutory bar may thus be avoided, and the enactment evaded and rendered nugatory, by simply changing the form and name of the action from a motion to a petition, without any change in the substance of the action or the relief sought? We think not. In our law of procedure the rights of the defendant cannot be made to depend on the mere form of the proceeding, which the plaintiff may elect to adopt, or the name by which it may be characterized; nor is there any such distinction recognized as that the statutory bar will apply to the remedy in one form and not in another. To admit such a distinction would be to recognize a distinction without a difference; to make the effect of the legal provision depend upon matters of form, rather than of substance. In the present case it would enable the plaintiff to maintain his action to quash the bond, after the time limited by the statute, by presenting his motion clothed in the form of an ordinary petition. Such a principle would be an anomaly in our remedial system, and cannot receive judicial affirmation. The statute gives one year within which a party may assert his remedy to avoid the bond and relieve himself from the legal obligation which it imposes for any existing cause, which would be availing to defeat a recovery if urged as a defence, to an action on the bond. And it is immaterial in what form he may assert the remedy provided. Whether it be by motion or petition, the statute will be equally operative to defeat the action, un-

less pursued within the time limited, which not having been done in the present case, the remedy was barred, and the Court did not err in sustaining the demurrer. The judgment is affirmed.

Judgment affirmed.