TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00401-CV







Craig A. Johnson, Appellant



v.



Enerlex, Inc., Appellee







FROM THE DISTRICT COURT OF COKE COUNTY, 51ST JUDICIAL DISTRICT


NO. 3616, HONORABLE BARBARA WALTHERS, JUDGE PRESIDING







 Craig A. Johnson appeals from a judgment given by the trial court in a suit for declaratory
relief brought by Enerlex, Inc. We will modify the judgment and affirm it as modified.


THE CONTROVERSY


 Gregory S. Berger formerly owned a .007813 royalty interest created in a mineral lease
on land in Coke County. Production between 1984 and 1991 resulted in his entitlement to $26,000 in
accumulated royalties. The operator, being unable to locate Berger, retained the accumulated royalties in
a suspense account. During the same time period (1984-1991), Berger failed to pay ad valorem taxes on
his royalty interest. The taxing authorities obtained a judgment against him for the amount of taxes owed,
an order foreclosing their tax liens, and an order directing the sheriff to sell the mineral interest to satisfy the
judgment debt. Johnson purchased the royalty interest at the sheriff's sale, paying therefor a sum
$2,553.14 in excess of the amount of the judgment against Berger. At the time of trial, the $2,553.14
remained in the hands of the district clerk to whom the sheriff had delivered the excess.

 In December 1993, Enerlex obtained from Berger a quitclaim of his rights in the royalty
interest and thereafter demanded from the operator payment of the $26,000 in accumulated royalties. The
operator, however, had paid the funds previously to Johnson. Enerlex sued Johnson, the sheriff, and the
taxing authorities for declaratory relief establishing its title to the royalty interest, the accumulated royalties
of $26,000, and the $2,553.15 held by the district clerk. After a bench trial, the court below rendered
judgment confirming Johnson's title to the .007813 royalty interest but awarded Enerlex judgment for the
$26,000 and $2,553.15 together with prejudgment interest, postjudgment interest, and attorneys' fees. 
Johnson appeals on the various points of error discussed below.


DISCUSSION AND HOLDINGS


 In points of error ten and eleven, Johnson contends Enerlex's claim is fundamentally an
action for conversion, and thus a cause of action barred because it was not brought within two years of
accrual. See Tex. Civ. Prac. & Rem. Code § 16.003(a) (West Supp. 1997). The substance of the cause
of action alleged in Enerlex's petition determines its nature and thus the applicable statute of limitations. 
See Perry v. Gergory, 13 Tex. 328, 331-33 (1855); Country Cupboard, Inc. v. Texstar Corp., 570
S.W.2d 70, 73 (Tex. Civ. App.--Dallas 1978, writ ref'd n.r.e.). Enerlex alleged the sheriff's deed to
Johnson was void and set up in opposition Enerlex's own title, acquired by quitclaim from Berger. It is
fairly implied that Enerlex claimed no right whatsoever except by title acquired from Berger. The parties'
opposing positions were clashes of title solely. Moreover, a statute of limitations applies specifically to the
case. Section 33.54 of the Property Tax Code requires that "a cause of action to the title of property may
not be maintained against the purchaser of the property at a tax sale unless the action commences within
three years after the deed executed to the purchaser at the tax sale is filed of record." Tex. Tax Code Ann.
§ 33.53 (West 1992). Enerlex filed its original petition within the required three years. We overrule points
of error ten and eleven. We need not address Johnson's point of error nine because it pertains to
application of the discovery rule if the two-year statute applied. We hold it does not.

 In points of error four through eight, Johnson challenges the trial-court determination that
Enerlex owned title to the $26,000. He argues Enerlex acquired only Berger's rights in the accumulated
royalty payments; and Berger had none because the sheriff's deed had conveyed to Johnson, along with
title to the .007813 royalty interest, "all revenues and proceeds attributable to said property which has [sic]
accrued and which have been taxed by the" taxing authorities. We do not believe the language of the
sheriff's deed indicated an intention to convey the accumulated royalties to Johnson because it was
uncontroverted in the evidence that the $26,000 had never been listed or assessed for tax purposes and
had never in fact been subjected to ad valorem taxation. In all events, it did not lie within the sheriff's
power to convey the $26,000 to Johnson because the accumulated royalties were personal property and
the judgment that ordered the sheriff to levy upon and sell Berger's property limited the execution to real
property--Berger's .007813 royalty interest. If the language of the sheriff's deed be interpreted as
attempting to convey personal property--the accumulated royalties of $26,000--the conveyance was void
to that extent because it was in excess of the judgment and order of sale. See Humble Oil and Refining
Co. v. West, 508 S.W.2d 812, 817 (Tex. 1974) (on severance from realty, oil and gas becomes personal
property); Adams v. Duncan, 215 S.W.2d 599, 604 (Tex. 1948) (sheriff powerless to pass title to
property not described in judgment and order of sale). We therefore overrule points of error four through
eight.

 In point of error three, Johnson complains the trial court erred in awarding Enerlex the
$2,553.14 because Enerlex did not plead for recovery of that sum. We disagree with Johnson's conclusion
that Enerlex did not request recovery of the $2,553.14. Its petition expressly requested that Johnson and
the taxing authorities "be ordered to deliver to [Enerlex] all of the [$26,000] or other proceeds received
from the property from the date of [the sheriff's sale] until the time of the Judgment." (emphasis added). 
Enerlex's petition included also a request for general relief. Even if one looks solely to the request for
general relief, it authorized a judgment for any relief within the trial court's jurisdiction justified by the proof
admitted under the allegations of the petition and consistent with a theory that the sheriff's deed was void
to the extent it purported to pass title to any of Berger's property apart from his real property interest--his
.007813 royalty interest. See generally 2 McDonald's Texas Civil Practice § 8.63 (1992). We
overrule point of error three.

 Johnson contends in points of error one and two that Enerlex is judicially estopped to
attack the sheriff's deed because Enerlex obtained the benefits thereof by accepting judgment for the
$2,553.14 and $26,000 derived from that deed. We see no basis for judicial estoppel. Enerlex's
acceptance of judgment for the indicated sums is entirely consistent with the trial-court judgment that the
sheriff's deed was void only insofar as it purported to convey the indicated sums. We overrule points of
error one and two.

 In point of error twelve, Johnson complains the trial court erred in awarding Enerlex
prejudgment interest because Enerlex did not plead for such relief and no statute authorizes it. See Perry
Roofing Co. v. Olcott, 744 S.W.2d 929, 930 (Tex. 1988). Enerlex did not sue for interest on any sum
and its petition does not allege an amount upon which prejudgment interest could be calculated. In its
prayer, Enerlex did not request recovery of any stated sum upon which unliquidated prejudgment interest
could be calculated. See McDonald, supra, § 8.44. Consequently, Enerlex could not in equity recover
interest as damages even under a prayer for general relief. Enerlex contends article 5069-1.04, section
6(a) authorized prejudgment interest in the present case. Tex. Rev. Civ. Stat. Ann. art. 5069-1.04, § 6(a)
(West 1987 and Supp. 1997). Section 6(a) of that statute authorized prejudgment interest in cases
involving "property damage" and Enerlex reasons that Johnson's obtaining the $26,000 from the operator
amounted to damage to Enerlex's property. We reject the theory. We believe the term "property damage"
was intended to require an injury to property; consequently, the statute does not encompass a loss resulting
from an interference with an owner's right of possession when the property has not itself been injured. See,
e.g., Spangler v. Jones, 861 S.W.2d 392, 398 (Tex. App.--Dallas 1993, writ denied).

 Enerlex also argues it is entitled to prejudgment interest under article 5069-1.03 of the
Texas Revised Civil Statutes. See Tex. Rev. Civ. Stat. Ann. art. 5069-1.03. The statute applies when
contracting parties omit to agree upon a specific interest rate. It does not apply absent an express or
implied contract. H. E. Butt Grocery Co. v. Bay, Inc., 808 S.W.2d 678, 680 (Tex. App.--Corpus
Christi 1991, writ denied). No such contract is shown here.

 We hold Enerlex was not entitled to prejudgment interest in equity because it did not plead
matters from which such interest could be calculated. We hold Enerlex was not entitled to such interest
by reason of a statute providing therefor. We therefore sustain Johnson's twelfth point of error and reverse
the trial-court judgment insofar as it awards Enerlex prejudgment interest.

 The trial-court judgment holds the sheriff's deed void only insofar as it purports to convey
any property in addition to Berger's .007813 royalty interest. In two cross points, Enerlex complains the
judgment is erroneous for not invalidating the sheriff's deed in its entirety on the ground that it purported
to convey property in excess of that described in the judgment of foreclosure and order of sale. The
sheriff's conveyance was a ministerial act; his deed of conveyance was not essential to vest title in the
grantee. See Houston v. Darland, 264 S.W.2d 783, 785 (Tex. Civ. App.--Galveston 1954, writ ref'd
n.r.e.). The trial court's voiding only the unauthorized part of the sheriff's deed comports with the
presumption indulged in favor of judicial sales and the policy of construing a conveyance in a manner that
effectuates its intended purpose. See House v. Humble Oil & Refining Co., 97 S.W.2d 314, 320 (Tex.
Civ. App.--Beaumont 1936, writ ref'd). We overrule Enerlex's cross points.

 For the reasons given, we reverse the trial-court judgment insofar as it awards Enerlex
prejudgment interest and modify the judgment to delete that award. As modified, we affirm the judgment
below. See Tex. R. App. P. Rule 81(b).



 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Modified and, as Modified, Affirmed

Filed: September 11, 1997

Do Not Publish



the sheriff's deed because Enerlex obtained the benefits thereof by accepting judgment for the
$2,553.14 and $26,000 derived from that deed. We see no basis for judicial estoppel. Enerlex's
acceptance of judgment for the indicated sums is entirely consistent with the trial-court judgment that the
sheriff's deed was void only insofar as it purported to convey the indicated sums. We overrule points of
error one and two.

 In point of error twelve, Johnson complains the trial court erred in awarding Enerlex
prejudgment interest because Enerlex did not plead for such relief and no statute authorizes it. See Perry
Roofing Co. v. Olcott, 744 S.W.2d 929, 930 (Tex. 1988). Enerlex did not sue for interest on any sum
and its petition does not allege an amount upon which prejudgment interest could be calculated. In its
prayer, Enerlex did not request recovery of any stated sum upon which unliquidated prejudgment interest
could be calculated. See McDonald, supra, § 8.44. Consequently, Enerlex could not in equity recover
interest as damages even under a prayer for general relief. Enerlex contends article 5069-1.04, section
6(a) authorized prejudgment interest in the present case. Tex. Rev. Civ. Stat. Ann. art. 5069-1.04, § 6(a)
(West 1987 and Supp. 1997). Section 6(a) of that statute authorized prejudgment interest in c